## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| GABBANELLI ACCORDIONS & IMPORTS, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> ITALO-AMERICAN ACCORDION MANUFACTURING CO., CESAR MUSIC ENTERPRISE, INC., AL HAGEDORN INDIVIDUALLY AND D/B/A/ MISSION MUSIC, FERINO'S MUSIC SHOP, MASTER SOUND DI CIUCCIOMEI MAXIMILIANO & C.S.N.C., and DITTA GABBANELLI UBALDO DI ELIO GABBANELLI, <br><br> Defendants. | No. 02 C 4048 <br> Judge James B. Zagel |

### MEMORANDUM OPINION AND ORDER

Plaintiff Gabbanelli Accordions ("Gabbanelli") has filed a motion for partial summary

judgment against Defendant Ditta Gabbanelli Ubaldo Di Elio Gabbanelli ("Elio Jr.") in its

trademark infringement action seeking damages and injunctive relief. According to my

instructions, Elio Jr. has filed a response to that motion dealing solely with the jurisdictional

issues that he claims should prevent me from deciding the motion in favor of Gabbanelli. For the

following reasons, Plaintiff's motion for partial summary judgment on the jurisdictional question

is granted.

### FACTS

I ordered a stay of all proceedings in this case in October of 2002, stating that, until the

contractual disputes relating to the validity of a 1999 agreement (the "Agreement") between

Gabbanelli and Elio Jr. was resolved, the proper ownership of the trademarks could not be established. Once ownership could be established, I would then have jurisdiction over whether Defendants had violated Gabbanelli's trademark rights. I lifted that stay in May of 2005 and, since then, all of the other defendants have been removed from the case, whether through settlement with Plaintiff, or by judgment against them.

The Agreement clearly stated that Elio Jr. would recognize Gabbanelli as having exclusive ownership of the trademark in The United States, Canada and Mexico. Prior to that, Gabbanelli had distributed accordions manufactured by Elio Jr. as well as by other companies in the United States. Both companies agree that Elio Sr., first began exporting accordions to the United States during the 1950's. The parties disagree over whether he used the same trademarks at issue in this case. In addition, several other companies run by various combinations of Elio Sr., his sons and his grandchildren have existed, and there is some question about whether or not those companies used the trademark in the United States as well. Gabbanelli filed for U.S. trademark protection in 1997.

## DISCUSSION

Elio Jr. lists a variety of reasons why he believes that I may not exercise jurisdiction. His first argument is that ownership of the trademarks in the U.S. cannot be settled until the Italian dispute regarding the Agreement is settled. This argument is based on my prior stay of the case and the "law of the case" doctrine, which "establishes a presumption that a ruling made at one stage of a lawsuit will be adhered to throughout the suit." *Avitia v. Metropolitan Club*, 49 F.3d 1219, 1227 (7th Cir. 1995). However, Elio Jr. fails to note that this presumption "varies with the circumstances; it is not a straitjacket." *Id.* As the Court that originally made the ruling, I am free

2

to reexamine that earlier ruling. In fact, I had already done so when lifting the stay in 2005. In addition, my understanding of the Italian case is that it seeks to determine whether or not the Agreement is valid and has been breached by either party. U.S. ownership of the trademark may be settled without treading on the jurisdiction of the Italian Court.

Next, Elio argues that there is a possibility of conflicting rulings between this Court and the Court of Ancona, where proceedings are taking place. He claims that the Italian court will actually determine the validity of the Agreement and the ownership of the trademarks at issue. The parties clearly disagree about the scope of the Italian proceedings, since Gabbanelli counters by stating that the only issue before the Italian court is the applicability of the arbitration clause. This disagreement is irrelevant. The present case before me can determine whether or not Gabbanelli owned the accordion trademark in the U.S. without having to deal with the agreement. If Gabbanelli already owned the U.S. trademark before Elio Jr. conceded those rights in the Agreement then that concession is irrelevant. At that point, I would be able to determine whether or not Elio Jr. has infringed on the trademark.

Elio Jr. also claims that he has already established prior use of the trademarks in the U.S. Therefore, Gabbanelli's only basis for ownership of the trademarks would be the validity of the Agreement, which the Italian Court has jurisdiction over. According to Elio Jr., if that court has not yet ruled on ownership, I may not yet rule on infringement. Although a U.S. distributor of a foreign manufacturer generally may not acquire ownership of the foreign manufacturer's trademark solely by distributing products containing the manufacturer's mark, *see TMT N. Am., Inc. v. Magic Touch GmbH*, 124 F.3d 876, 882 (7th Cir. 1997), it is possible for a U.S. exclusive distributor to rebut that presumption. *See Tactica Int'l v. Atl. Horizon Int'l*, 154 F. Supp. 2d 586,

3

600 (S.D.N.Y. 2001). In addition, Gabbanelli registered the mark in 1997 and claims that it has passed the five-year time period required for incontestability, but there are also defenses available to Elio Jr. to dispute that registration. *See, e.g.*, 15 U.S.C. §§ 1065, 1115(b). Therefore, ownership of the Gabbanelli trademark is far from certain, and has not been proven in this court or any other court, to my knowledge. If Gabbanelli can prove ownership of the trademark prior to the Agreement, then there is no reason for me to avoid exercising jurisdiction.

Lastly, Elio points to the arbitration clause in the Agreement, which states that jurisdiction lies solely in the Italian court. However, the Agreement clearly states that "[a]ny future controversy, pertaining to the interpretation, validity, implementation and cancellation of this *contract* . . . ." (emphasis added). As I stated earlier, the contract may be irrelevant to this case. If Gabbanelli already owned the U.S. trademark, then the Agreement did not confer any rights that Gabbanelli did not already possess.

For the aforementioned reasons, Gabbanelli's partial motion for summary judgment on the jurisdictional issue is granted. Elio is hereby ordered to respond to the remainder of Gabanelli's motion for summary judgment by March 6, 2007. Gabbanelli must reply by March 20, 2007.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: February 6, 2007

4